STATE OF MAINE                                    SUPERIOR COURT
                                                  CRIMINAL ACTION
CUMBERLAND, ss.                                   Docket No. CR-08-872
                                                  WSB- CUM-?  ·  ·

STATE OF MAINE,

    v.                                            ORDER

NICHOLAS WOOD,

        Defendant.

## FINDINGS

1. On January 31, 2008 in Westbrook on Larrabee Road at 2 a.m., Officer Brett Bissonnette clocked defendant Nicholas Wood driving 45 mph in a 35 mph zone.

2. Officer Bissonnette followed Mr. Wood for some time in light traffic. During that period the officer observed no erratic or abnormal operation except that Mr. Wood drove 10 mph over the speed limit.

3. Officer Bissonnette turned on his signal light and Mr. Wood pulled over immediately without any difficulty.

4. The officer approached the car and asked for Mr. Wood's license. He produced it without difficulty.

5. The officer asked if Mr. Wood had been drinking and where. Mr. Wood said he had two drinks at an establishment known to serve alcohol.

6. Mr. Wood's eyes were not red or glazed. His speech was not slurred. His clothes were not in disarray and he was not disheveled in any way. He did not make an obvious lie.

7. The officer administered the first prong of the horizontal gaze nystagmus test as Mr. Wood sat in the car. Mr. Wood followed the officer's finger but his eye pursuit was not smooth.

A True Copy
Attest: Jolly A Bauget
Clerk of Courts

8. The officer ordered Mr. Wood to exit the car and perform field sobriety tests.

DISCUSSION

Mr. Wood concedes reasonable articulable suspicion to stop his car because of the speeding violation. He argues that despite the speeding and admission of two drinks, the officer had no reasonable articulable suspicion to order him to perform field sobriety tests.

As with a stop the question for field sobriety tests is whether the totality of the circumstances are sufficient to justify the intrusion.

If the evidence concerning the partial nystagmus tests is to be assigned any weight, the answer is yes. However, there are problems with this evidence. Officer Bissonnette has taken the police academy training in nystagmus and he has performed the 10 required follow-ups. But his follow-ups have not been scored so we do not know if he learned his lessons properly. Furthermore, the police academy does not condone administering the nystagmus to a person seated in his car. The academy teaches that the test must be administered to a person standing up facing the officer. Officer Bissonnette testified that the sit down procedure was part of his supervisor's "bag of tricks." There is nothing in the record to indicate who the supervisor is, where he learned this particular procedure or whether it has any validity at all. I assign no weight to the nystagmus evidence, not as a matter of law but because under the circumstances, it deserves no factual weight.

That leaves the speeding and the admission of "two drinks."

The speeding in this case is a minimal offense. Many drivers in Maine and elsewhere exceed the speed limit by five to ten miles per hour because of the widely perceived belief that the police allow a certain leeway before enforcing speed limits. This would be especially true on a four lane lightly traveled road at two in the morning.

A True Copy
Attest: _____
Clerk of Courts

2

Minimal speeding under these circumstances carries no factual weight in assessing reasonable suspicion of operating under the influence. Also, this slight speeding must be weighed against all of the other evidence of normal operation.

Mr. Wood's admission that he had two drinks is neutralized by the evidence indicating sobriety: No slurred words, no glazed or red eyes, no unkempt dress. Furthermore, Mr. Wood had coordinated fingers and followed instructions. There was not, in short, any objective evidence that the two drinks affected Mr. Wood's mental or physical faculties in any degree.

Mr. Wood did not refuse to breathe in the officer's face, as the defendant did in *Wood*, 662 A.2d 921 (1995). Mr. Wood was not suspected of setting off firecrackers in public, as in *Eastman*, 691 A.2d (1997).

If it were against the law to drink and drive, or if Mr. Wood had committed a traffic offense that suggested irresponsibility or bad judgment, then the two drinks would be enough for reasonable articulable suspicion. In the absence of any such evidence, the entry must be:

Mr. Wood's motion to suppress is granted. All evidence subsequent to the nystagmus test is suppressed.

DATED:     August 4, 2008

_W. S. Brodrick_
William S. Brodrick
Justice, Active-Retired, Superior Court

A True Copy
Attest: _Jolly A. Bouget_
Clerk of Courts

3